UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONDRA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:20-CV-00474 |
| ) | |
| UNITED STATES DEPARTMENT OF, ) | (Case number: 02D09-2011-PL-000475 |
| EDUCATION, et al, ) | Allen Superior Court) |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

-FILED-
DEC 29 2020
At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**PLAINTIFFS' MOTION FOR REMAND AND
MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 3

BACKGROUND .................................................................................................................... 5

ARGUMENT.......................................................................................................................... 6

    I. The Notice of Removal Facially Fails to Satisfy the Statutory Prerequisites ............ 6

    II. This Court Lacks Subject Matter Jurisdiction .................................................... 13

CONCLUSION..................................................................................................................... 14

EXHIBIT A ......................................................................................................... 16

Plaintiff Condra L. Smith respectfully asks this Court to remand this cause to the Superior Court of the State of Indiana, pursuant to 28 U.S.C. § 1447(c). Because defendant USA Funds a.b.a Ascendium Education Group Corporation has its place of business in Indiana, and was not served at the time of removal. This removal is improper under 28 U.S.C. § 1441(b).

## INTRODUCTION

Defendant United States Department of Education's notice of removal is an egregious and transparent attempt to derail state court proceedings in this case. It is procedurally defective on its face and offers no good-faith basis for federal subject matter jurisdiction. This case should be remanded immediately.

Plaintiffs filed this action in Indiana state court asserting on December 11, 2020, the Indiana Superior Court assumed plenary jurisdiction, and order for case management conference has been scheduled to begin January 7, 2021. On December 18, 2020, United States Department of Education notified Plaintiffs that he had removed the case a day earlier.

The removal is baseless:

- United States Department Education did not obtain the consent of all "properly joined" defendants as required by 28 U.S.C. § 1446(b)(2)(A),

- There is obviously no federal question jurisdiction over Plaintiffs' exclusively state constitutional claims challenging a state statute, and federal court does not have subject matter jurisdiction over the case 28 U.S.C. 1447

- United State Department of Education's entire theory of federal jurisdiction rests on the false premise, and improvident removal and a violation of FRCP rule 11

- This case has already been filed with United State District Court and closed due to lack of

jurisdiction

United State Department of Education's motive for pursuing such a frivolous removal is obvious: to delay and derail the expedited schedule ordered by the Indiana Superior Court. They already have some success. In light of the removal, the state court cancelled January 7, 2021 conference. With the conference set to begin in barely three weeks, any delay impedes the state court's ability to resolve this case in timely manner. This Court should not countenance such vexatious tactics. For the reasons set forth below, the Court should expedite resolution of this motion, immediately remand this case to state court without awaiting an opposition from United State Department of Education. Defendant violating the FRCP rule 11 that boilerplate removal motions not backed by the facts should be grounds for sanctions, necessary costs and fees that should be awarded to Plaintiffs.

## BACKGROUND

1. Plaintiff, Condra Smith ("Smith"), brings this action against Defendant, United States Department of Education, et al, ("Defendant") alleging fraud, and civil conspiracy to commit fraud, larceny and theft by conversion.

2. USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc. has garnished Smith's wages and other entitled money without giving proof of Condra L. Smith has taking out a loan(s) or received any moneys.

3. USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc Documents of a Perkins loan does not have Condra L. Smith signatures nor her handwriting on any of the documents.

4. USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc worked with Pioneer to unlawfully garnished and withhold entitled money from Condra L. Smith

5. Pioneer Credit Recovery Continued to unlawfully garnished Condra L. Smith wages during an investigation by USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc

6. General Revenue Documents regarding a Stafford loan does not have Condra L. Smith's signatures nor has her handwriting.

7. U.S. of Education has referred these fraudulent loans to the department of Treasury for collection by an offset of Condra L. Smith's federal (and in some cases state) tax returns. In which Condra L. Smith is asking that the offset be return as part of her relief.

8. This case was file with United States District court Northern District of Indiana Fort Wayne Division December 2018 under case number 1:18-CV-00348-TLS-SLC and dismissed due to lack of jurisdiction August 27, 2019

9. Plaintiff file an appeal with United States Court Of Appeals for the Seventh Circuit

January 22, 2019 under case Number 20-1069 and cause was dismissed due to lack of jurisdiction June 2020

10. Plaintiff petition for a writ of certiorari July 27, 2020 under cause Number 20-5542

## ARGUMENT

I. **The Notice of Removal Facially Fails to Satisfy the Statutory Prerequisites**

A. United State of Education Did Not Obtain the Consent of All Properly Joined Defendants Under 28 U.S.C. §1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." But as United State of Education can not acknowledges that they do have the consent of all defendants here. This is absurd. In the removal context,

"[a] nominal party is defined as one neither necessary nor indispensable to the suit. A party is necessary and indispensable to the suit if the plaintiff states a cause of action against the party, and seeks relief from the party." Dietz v. Avco Corp., 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016). Because "[t]he removal statutes are to be strictly construed against removal," "all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc is an indispensable party, and this Court need not take Plaintiffs' word for it. In the state court proceedings in this case, United State of Education asserted that "it is clear—and indeed undisputed—that the USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium

Education Solutions, Inc is a legally and practically indispensable party in this matter as their signature would be required to implement the relief sought by [Plaintiffs]." "the USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc is indispensable to this case, because the nature of the claim and relief sought here require their direct participation." Id. And again: "The simple fact remains that plaintiff cannot possibly achieve their requested relief without direct participation from the USA Funds C/O Navient also d.b.a Great Lakes, d.b.a Ascendium Education Solutions, Inc ." Id. at 2-3. Once more: "The USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc is indispensable; their interests here are unique and implicated." Id. at 3. To remove any conceivable doubt as to their view on this matter. In short, United State of Education 's failure to obtain the consent of all properly joined defendants dooms his removal of this case. It should end the matter.

B. **Because removal is disfavored, any ambiguities are resolved against removal.**

A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a) only when the federal court has original jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. Congress permitted diversity jurisdiction to prevent local prejudice against out-of-state defendants. *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir. 1968); S. Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102 (explaining the "purpose of diversity of

citizenship legislation . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts").

But because in-state defendants need no protection from local bias, Congress prohibited removal—even when diversity jurisdiction otherwise exists—when a defendant is a citizen of the forum state. *See, e.g., Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997). Specifically, 28 U.S.C. § 1441(b) provides that removal is improper "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The forum-defendant rule in § 1441(b) is merely one example indicating that Congress disfavors removal. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10, (1951) (noting that an "important [Congressional] purpose [of the 1948 revision of the United State Court concerning removal] was to limit removal from state courts"). Given removal's disfavor, federal removal statutes are strictly construed against the exercise of removal jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002)); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Golden 1 Credit Union v. H & B Group, Inc.*, No. 1:06-cv-1717, 2007 U.S. Dist. LEXIS 31142, at *7 (E.D. Cal. Apr. 27, 2007) ("The removal statute must be strictly construed, with all doubts and ambiguities resolved against removal and in favor of remand.") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gasu v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)). These principles favor remanding

### C. Remand is required because USA FUND a.b.a. Ascendium Education is a "forum defendant."

As discussed below, the "joined and served" language was included in § 1441(b) to prevent plaintiffs from suing, but not serving or pursuing, an in-state defendant solely to prevent removal. The defendant seek to turn the purpose of § 1441(b) on its head by presumably arguing that they are entitled to the gamesmanship that plaintiffs are not: they can monitor state-court dockets and remove an action as long as they do so before the forum defendant is served. Yet, there is no sound justification for permitting the defendant to do what Congress in 1948 (when it amended § 1441(b) to add the "joined and served" language") could not have envisioned—the ability of sophisticated forum defendants to monitor computerized dockets. This justification is especially absent when the non forum defendant—such as United State of Education—removes before any party has been served because there can be no inference that plaintiff has attempted to engage in gamesmanship by not serving the forum defendant. Accordingly, the court should remand this case to the state court.

### D. The purpose of the "joined and served" language of § 1441(b) is to prevent gamesmanship.

"The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003); *accord Mohammed v. Watson Pharms., Inc.*, No. SA CV09-79, 2009 U.S. Dist. LEXIS 31094, at *10-11 (C.D. Cal. Mar. 26, 2009); *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 644-45 (D.N.J. 2008); *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 861-62 (N.D. Ohio 2008); *Holmstrom v. Harad*, No. 05 C 2714, 2005 U.S. Dist. LEXIS 16694, at *6 (N.D. Ill. Aug. 11, 2005). In this case, the defendants are attempting to capitalize on the plain language of the "*and served*" requirement by employing their own form of gamesmanship—monitoring the state-court docket and then removing cases before plaintiffs can serve them. Some cases have held that the plain language allows defendants to attempt to remove a case before they can be served.[1] But the better reasoned line of authority prohibits

such procedural gamesmanship because it flouts congressional intent and runs counter to the logic and policy underlying federal diversity jurisdiction and the forum-defendant rule.

### E. A literal reading of § 1441(b) to allow removal prior to service on the forum defendants—contrary to congressional intent—permits gamesmanship.

The goal of judicial statutory interpretation is to actualize legislative intent. *U.S. v. Am. Trucking Ass'ns,* 310 U.S. 534, 542 (1940) (the "function of the courts" in interpreting statutes "is to construe the language so as to give effect to the intent of Congress"). Usually, the best indication of the drafters' intent is the statute's plain language. But, at times, the plain-language approach should be jettisoned because it leads to a result that is plainly contrary to the intent of the drafters. *Id.* In such instances, it becomes the duty of the court to interpret the statute in a manner congruent with the legislative intent:

There is . . . no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of the legislation as a whole" this Court has followed that purpose, rather than the literal words.

*Id.* (footnotes omitted); *see also Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571 (1982) (where "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters . . . those intentions must be controlling."); *Sullivan,* 575 F. Supp. 2d at 643 ("[An] equally important principle of statutory construction . . . holds that when the literal application of statutory language would either produce an outcome demonstrably at odds with the statute's purpose or would result in an absurd outcome, a court must look beyond the plain

meaning of the statutory language.").

Numerous courts have refused to apply the plain-language interpretation of the "joined and served" provision because it leads to "untenable," "absurd," and "unreasonable" results. *See, e.g.*, *DeAngelo-Shuayto*, 2007 U.S. Dist. LEXIS 92557, at *12; *Brown*, 2008 U.S. Dist. LEXIS 55490, at 14-15 (consolidated cases for purposes of motions to remand); *Fields v. Organon USA Inc.*, No. 07-2922, 2007 U.S. Dist. LEXIS 92555, at *10-11 (D.N.J. Dec. 12, 2007). Specifically, blind application of the literal "properly joined and served" language of § 1441(b) creates a procedural anomaly whereby defendants can always avoid the imposition of the forum-defendant rule if they monitor the state docket, avoid service, and remove the action to federal court before the plaintiff serves the forum defendant (no matter how diligently the plaintiff attempts to effectuate service). *DeAngelo-Shuayto,* 2007 U.S. Dist. LEXIS 92557, at 12. In addition to eviscerating the forum-defendant rule, such interpretation likewise eliminates a plaintiff's well-established right to choice of forum, by essentially precluding a plaintiff from being able to litigate in the defendant's own home state courts if the defendant is a sophisticated litigant. *Ethington*, 575 F. Supp. 2d at 862; *Mohammed*, 2009 U.S. Dist. LEXIS 31094, at *11-12. Given that Congress intended the "properly joined and served" language to prevent litigant gamesmanship, "it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar kind of gamesmanship from defendants" as in this case. *Allen v. GlaxoSmithKline PLC*, No. 07-5045, 2008 U.S. Dist. LEXIS 42491 at *12 (E.D. Pa. 2008); *Mohammed*, 2009 U.S. Dist. LEXIS 31094, at *14 (noting that Congress in the 1940s could not have had electronic monitoring of dockets in mind when adding the "joined and served" language).[3]

This rationale is true even when the *nonforum* defendant—such as Ortho-McNeil—removes the case before any defendants have been served. *See, e.g., Holmstrom*, 2005 U.S. Dist. LEXIS 16694, at *6 ("The 'joined and served' requirement makes sense . . . when one defendant has

been served but the named forum defendant has not. . . . When no defendant has been served, however, the non-forum defendant stands on equal footing as the forum defendant. Neither defendant in that scenario is obligated to appear in court. [Therefore], the protection afforded by the "joined and served" requirement is wholly unnecessary for an un-served non-forum defendant."); *accord Mohammed*, 2009 U.S. Dist. LEXIS 31094, at *15 ("[T]he court finds that removal under Section 1441(b) by a nonforum defendant where no defendants have yet been served is improper because it promotes gamesmanship by defendants and likely deprives plaintiffs of a meaningful opportunity to effectuate serve."). After all, the 30-day period for either defendant has not even begun to run for either defendant. *See Holmstrom*, 2005 U.S. Dist. LEXIS 16694,.

When ruling on a motion to remand, a district court must resolve all contested issues of substantive fact and any uncertainties as to the current state of controlling law in favor of the plaintiff. *See Brown v. Francis*, 75 F.3d 860, 865 (9th Cir. 1995) ("If there is any doubt as to the propriety of removal, that case should not be removed to federal court."); *see also Mohammed*, 2009 U.S. Dist. LEXIS 31094, at *15. In the instant case, the defendant monitored the Indiana state-court docket, and United State of Education removed the case before *either* of USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc could be served. Condra L. Smith served three of the defendants after the complaint was filed and intends to pursue all defendants—including forum defendant USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc —in this case. The Summons and Complaint was issued and yet to be

served to USA Funds C/O Navient also d.b.a Great Lakes, d.b.a. Ascendium Education Solutions, Inc. Therefore, the policies underlying § 1441(b)'s "joined and served" provision are inapplicable, and the removal was simply forum manipulation by sophisticated litigants. Allowing removal under such circumstances would reward the defendants for using the very kind of litigation gamesmanship that the forum-defendant rule was crafted to avoid.

## II. This Court Lacks Subject Matter Jurisdiction

This Court's jurisdiction over removed cases is limited to only those matters over which it would have original jurisdiction. 28 U.S.C. §1446(a). Because Plaintiffs' statelaw claims do not "arise under" federal law, Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986), there is no federal question jurisdiction, and this case should be immediately remanded. See 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). See also Merrell Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 106 S. Ct. 3229 (1986) (finding removal improper because no federal cause of action appeared in the complaint).

The most charitable way to describe Defendant's reliance on this case is that it is misleading. Defendant chose to conceal from this Court the actual averments at issue: This case was filed December 2018 in the federal courts, with case number: 1:18-cv-348-TLS-SLC and closed due to lack of jurisdiction. An appeal was filed with United States Court of Appeals for the Seventh Circuit, with case number 20-1069 and was closed due to lack of jurisdiction A petition for writ of certiorari was filed July 27, 2020 with Supreme Court of the United State.
**Exhibit A**

Furthermore, defendants told the United States District Court that a federal court could not resolve this case and asked for it to be close due to lack of jurisdiction.

Defendants cannot turn around and now argue that the same question is "capable of resolution in Federal court without disrupting the federal-state balance approved by Congress." Gunn, 568 U.S. at 258.

The federal district court must remand to the state court any case that was removed improvidently or without necessary jurisdiction. *Glaziers, Glassworkers, Inc. v. Florida Glass & Mirror,* 409 F. Supp. 225, 226 (M.D. Fla. 1996).

## Conclusion and Prayer

For these reasons, Condra L. Smith respectfully requests that the Court grant his motion to remand, remand the case to the Superior Court of the State of Indiana for the County of Allen, and grant her such other relief to which she is justly entitled.

Respectfully Submitted

By: Condra L. Smith
3301 Lafayette St
Fort Wayne, In 46806
(260) 745-3551
Plaintiff

## Certificate of Service

I hereby certify that a copy of this document was sent to the parties or their counsel by US MAIL

Deborah M. Leonard
United States Attorney's Office
Northern District of Indiana
US Court House
5400 Federal Plaza Suite 1500
Hammond, Indiana 46320

Bonnie L. Martin
Justin Allen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
111 Monument Circle
Suite 4600
Indianapolis, IN 46204

Steven C. Coffaro
Keating Muething & Klekamp PLL
Once E. 4th Street, Suite 1400
Cincinnati, Ohio 45202


USA Fund a.b.a Ascendium Education Group
9998 Crosspoint Blvd
Suite 310
Indianapolis, Indiana 46256, US

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

August 21, 2020

Ms. Condra L. Smith
3301 Lafayette St.
Fort Wayne, IN 46806

Re: Condra L. Smith
v. Department of Education, et. al.
No. 20-5442

Dear Ms. Smith:

The petition for a writ of certiorari in the above entitled case was filed on July 27, 2020 and placed on the docket August 21, 2020 as No. 20-5442.

A form is enclosed for notifying opposing counsel that the case was docketed.

In accordance with Rule 29.4(a) of the Rules of the Supreme Court, please serve one copy of your petition upon the Solicitor General of the United States, Department of Justice, Washington, D.C., 20530 and forward proof of said service to this office immediately.

Sincerely,

Scott S. Harris, Clerk

by

Michael Duggan
Case Analyst

Enclosures

Andre L Smith
3301 Lafayette St
Ft Wayne In 46802

7020 1810 0001 7853 8670

CERTIFIED MAIL

United State District Court Clerk
1300 S Harrison St #1108
Ft Wayne In 46802

U.S. POSTAGE PAID
FCM LG ENV
FORT WAYNE, IN
46802
DEC 28, 20
AMOUNT
$5.15
R2305K137536-07