STATE OF INDIANA          )     ALLEN SUPERIOR COURT
                          ) SS:
COUNTY OF ALLEN_____)     Case Number: 1:20-CV-00474

CONDRA SMITH,                    )
                                 )
    Plaintiff,                   )
                                 )
v.                               )
                                 )
UNITED STATES DEPARTMENT OF,     )
EDUCATION, et al,                )
                                 )
                                 )
    Defendant.                   )
                                 )

-FILED-

JAN 0 8 2021

At _____ M
ROBERT N. TRCOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Condra L. Smith submit the following Brief in Opposition to Defendant General Revenue Corporation's Motion to Dismiss. For the reasons set forth below, Condra L. Smith requests that this Court deny the Motion to Dismiss in its entirety.

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT AND AUTHORITY

    I.    Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    II.   Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
    III.  The Court Must Consider the Complaint in Its Entirety when Evaluating a Motion to Dismiss for Failure to State a Claim. . . . . . . . . . . . . . . . . . . . . . . . .7

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

EXHIBIT A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INTRODUCTION

Condra L. Smith alleges in her complaint:

- USA Funds C/O Navient Has garnished my paycheck any other entitled money without giving proof of Condra L. Smith taking a loan(s)
- USA Funds C/O Navient Documents do have Condra L. Smith signatures
- USA Funds C/O Navient worked with Pioneer to unlawful garnish and withhold entitled money from Condra L. Smith
- Pioneer Credit Recovery Continued to unlawfully garnish Condra L. Smith paychecks during an investigation by USA Funds C/O Navient
- General Revenue Documents regarding a Stafford loan does not have Condra L. Smith's signatures. General Revenue is collecting money for a Stafford fraudulent loan.
- U.S. of Education has referred these fraudulent loans to the department of Treasury for collection by an offset of Condra L. Smith's federal (and in some cases state) tax returns. In which Condra L. Smith is asking that the offset be return as part of her relief.

The Complaint contains all this and more in page after page of detailed allegations, quotes, evidences. I, Condra L. Smith attended the university on a scholarship and while attending there received additional scholarships and awards. The evidences at hand clearly shows that the hand writing and signatures do have Condra L. Smith's hand writing. Trials have been won with less evidence. Under any reading of the applicable standard requiring particularity, Condra L. Smith meets and exceeds it pleading obligations.

Nevertheless, General Revenue has moved to dismiss the Complaint, claiming that Condra L. Smith has not provided enough information for General Revenue to defend themselves. Implicitly recognizing his motion is doomed under the actual 9(b) standard, General Revenue instead creates their own much higher evidentiary pleading standard. General Revenue demands proof and evidence, none of which is required in a complaint. But even under General Revenue's imaginary standard, Condra L. Smith's Complaint is so thoroughly particularized that it must survive and motion must be dismissed.

## I. Legal Standard

To obtain dismissal for failure to state a claim, a defendant must demonstrate the plaintiff does not even have a "plausible" claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is warranted only if there is no "reasonable expectation that discovery will reveal evidence" to support the plaintiff's claims. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). It is not enough that a district court suspects the plaintiff will ultimately "fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Id. at 563 n.8.

## II. ARGUMENT

### A. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957) (emphasis added); see also Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp v. Twombly, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. In cases such as this, which include claims for fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires a more particular standard a complaint must meet, providing that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Contrary to what is seemingly advocated in General Revenue's Motion to Dismiss, Rule 9(b) does not raise the pleading standard to the level required to survive a motion for summary judgment or to prevail at trial, requiring Condra L. Smith to actually prove all material issues of its case; instead, Condra L. Smith need only set forth the particular facts of

the fraud, which at this stage must be accepted as true, to survive a motion for dismissal the Complaint.

Moreover, General Revenue repeatedly states throughout his Motion to Dismiss that the Complaint is vague and lacking in detail. To begin, this is no ground for dismissal under Rule 12(b)(6).

See In re Initial Public Offering Sec. Litig., 241 F. Supp. 2d 281, 333 (S.D.N.Y. 2003). If General Revenue truly believed that the clarity of pleadings were deficient, he should have moved to for a more definite statement
under Rule 12(e) and requested that Condra L. Smith set forth more detail. Tellingly, They did not; the Complaint is sufficiently clear and detailed and General Revenue's arguments to the contrary must be disregarded.

The Supreme Court recently articulated the appropriate standard a court must follow in deciding a motion to dismiss an action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). First, a court must accept all factual allegations set forth in the complaint as true. Tellabs, Inc. v. Makor Issues and Rights, Ltd, 551 U.S. 308, 322 (2007). Second, the court must consider the complaint in its entirety; "the inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Id. Finally, the court must conduct a comparative inquiry: "[a] complaint will survive if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Id. at 324. The facts as alleged by Condra L. Smith more than adequately survive such a comparison.

Condra L. Smith's Complaint particularly states facts that support each element of Condra L. Smith's claims and thus withstands General Revenue's Motion to Dismiss. Condra L. Smith has set forth detailed allegations that fulfill each and every pleading requirement under 9(b) as suggested by the courts

The chart below illustrates how each of these questions are addressed in the Complaint.

| WHO? | US Department of Education<br>USA Fund C/O Navient<br>Pioneer Recover<br>**General Revenue** |
|---|---|
| WHAT? | US Education and fellow defendants have been jointly garnishing, withholding, and continuously attempt to collect Plaintiffs money from paychecks and tax returns due to fraudulent loan(s) |
| WHEN? | IRS offset<br>And wage garnishment started Beginning of 2017 |
| WHERE? | Fraud happen at Indiana State University<br>And money has been garnished and withheld in Fort Wayne, Indiana Allen County |
| HOW? | U.S. of Education has referred these fraudulent loans to the department of Treasury for collection by an offset of Condra L. Smith's federal (and in some cases state) tax returns. The other defendants which includes General Revenue have been jointly garnishing, withholding, and continuously attempting to collect money. In which Condra L. Smith is asking that the offset and all money be return as part of her relief. As well as the dismissal/discharged of the Perkins and Stafford loans. |

These allegations establish the essential elements for each count in the Complaint. Because Condra L. Smith has met the pleading requirements articulated in Rule 9(b) and the PSLRA, US Department of Education Motion to Dismiss must be denied.

Finally, the plain language of the statute does prohibit the plaintiffs' protected expression. Plaintiffs have prayed for "such other relief as the Court deems just and appropriate.", and that

dismissal of the loans be granted, money returned, as well as money for damages. Complaint, starting at page(s) 5-7.

Where it is stated that the defendants' motion to dismiss for failure to state a claim for relief should therefore be denied.

### III. The Court Must Consider the Complaint in Its Entirety when Evaluating a Motion to Dismiss for Failure to State a Claim.

Defendants assert the Complaint are conclusory and fail to state claims upon which relief can be granted. To support this argument, Defendants states "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of this 'entitlement to relief' requires more than labels and conclusions and a formulaic recitation of the elements of cause of action will not do." A complaint must state "enough fact to state a claim to relief that is plausible on its face" Bell Atlantic Corp. V. Twombly, 127 S. Ct 1955 at 1974 (2007).

The complaints states that General Revenue plays a role in the fraudulent activity. See exhibit A It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Magulta v. Samples, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).

Defendant provides no legal support for the proposition that they are not a part of this complaint. General Revenue played a role along with the other Defendants Those four are listed as the following

1) U.S. Department of Education
2) Pioneer Credit Recovery
3) General Revenue
4) USA Funds C/O Navient

Condra L. Smith's decision to add subheadings which enumerate and delineate the separate counts was done as a convenience to Defendants and the Court and does not limit the factual averments in the Complaint to only what is included under each individual subheading. The Court must consider the Complaint as a whole.

Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the courts. "[A] complaint must contain sufficient factual matter. . . to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' illegal practices which establish their liability for the violations and fraudulent activity.

Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' illegal practices

which establish their liability for the violation.

**The Complaint is Well-Pled Under Either Rule 8(a) or 9(b)**

While the United States need not satisfy Fed. R. Civ. P. 9(b) for the reasons discussed above, count of the instant Complaint nevertheless meet the pleading standards of both Rules 8(a) and Rule 9(b). Even if the Court were to apply Rule 9(b) to Plaintiff's allegations in Count, Plaintiff has pled this count with sufficient specificity to survive a motion to dismiss. In order to satisfy the particularity requirement for pleading a fraud claim, a complaint must specify "the who, what, when, where, and how of the misconduct charged . . . [and] what is false or misleading about [the purportedly fraudulent] statement, and why it is false." United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).1

As a preliminary matter, what constitutes sufficient particularity for the purpose of Rule 9(b) depends upon the facts of each case. Notably, in Ivy Capital, while the district court applied 9(b)'s requirements to an action under the FTC Act, it found that a relaxed 9(b) standard was appropriate and determined that the FTC's pleadings were satisfactory. 2011 WL 2118626

Courts have similarly recognized that requiring specific citation to each instance of fraudulent conduct is impractical where the violative conduct is repeated frequently over a lengthy period of time. See United States ex rel. Franklin v. Parke-Davis, Div. of Warner-Lambert Co., 147 F. Supp. 2d 39, 49 (D. Mass. 2001) (where allegations are "complex and far-reaching, pleading every instance of fraud would be extremely ungainly, if not impossible"); In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 333 (D. Conn. 2004)

("[W]here the alleged fraudulent scheme involved numerous transactions that occurred over a long period of time, courts have found it impractical to require the plaintiff to plead the specifics with respect to each and every instance of fraudulent conduct."). Additionally, the heightened pleading standard for fraud claims is relaxed somewhat where factual information is peculiarly within defendant's knowledge or control. E & E Co., Ltd. v. Kam Hing Enterprises, Inc., 429 F.App'x 632, 633 (9th Cir. 2011) (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). As a result, any analysis of the Complaint in this action under Rule 9(b) would be subject to the relaxed standard that is applied to claims where evidence "lies within [Defendants'] exclusive possession" and specific citation to each instance of fraudulent conduct would not be required. Id.; U.S. ex rel. Tamanaha, 2011 WL 3423788 at *2; (citing United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001)); United States ex rel. Franklin, 147 F. Supp. 2d at 49.

Here, the Complaint identifies with sufficient particularity the who, the what and the how, the when, and the where of Defendants' violative conduct. The "who" is specified as the Complaint identifies each Defendants and explains their respective roles in the alleged conduct at the outset. U.S. Department of Education works right along with other defendants with getting the money from IRS offset received from federal taxes.

The Complaint also provides information about the "what" and the "how" by providing ample notice about what violative conduct occurs at while attending Indiana State University and how it happens. For example, complaint stats Plaintiff is victim of fraudulent activity while attending the University. Two student loans were taken out that I did not authorize and added to my account.

The complaint adequately informs defendants of the scope of the illegal conduct and how

all 4 defendants work together to retrieve fraudulent loan moneys.

Finally, the "where" ISU is specified in the complaint only to let the defendants and court know where this fraud took place.

## CONCLUSION

For all reasons set forth above, Condra L. Smith respectfully requests that this Court deny General Revenue's Motion to Dismiss in its entirety, and grant a preliminary hearing, after holding an evidentiary hearing affording Plaintiffs the opportunity to adduce evidence in support of their claims.

Respectfully Submitted

By: Condra L. Smith

3301 Lafayette St
Fort Wayne, In 46806
(260) 745-3551
Plaintiff

The undersigned hereby certifies that a copy has been served upon the party by mailing a copy of same by United States Mail, postage prepaid,

Steven C. Coffaro
Keating Muething & Klekamp PLL,
One East 4th Street, Suite 1400
Cincinnati, OH 45202



Correspondence Address:
General Revenue Corp
4660 Duke Dr Suite 300
Mason, OH 45040-8466

Street Address:
  4660 Duke Dr Suite 300
  Mason, OH 45040-8466
Payment Address:
  PO Box 495999
  Cincinnati OH 45249-5999
RE: Account Number: 49135277
Current Amount Due: $9544.55

CONDRA SMITH
3301 LAFAYETTE ST
FORT WAYNE IN 46806

Note: The amount(s) due shown above
consist of the debt as detailed
on the reverse side of this notice.

(866) 624-1922

June 22, 2018

Creditor:  INDIANA STATE UNIVERSITY
           %TERRI WILSON NON COHORT
           FED LOAN SERV PARSONS 106
           TERRE HAUTE IN 47809

Dear CONDRA SMITH:

Enclosed is the information you requested.  If you should have any questions or require additional information, please contact General Revenue Corporation at (866) 624-1922.

The following balances comprise the current amount due as shown above:

| Principal:        | $ | 5050.00 |
|-------------------|---|---------|
| Interest:         | $ | 2961.06 |
| Penalty/Late:     | $ |   19.80 |
| Collection Costs: | $ | 1513.69 |
| Other Charges:    | $ |    0.00 |
| Total:            | $ | 9544.55 |

As of the date of this letter, the balance shown is owed. Because interest may be required to be paid on the outstanding portion of the balance, as well as late charges and other charges that may vary from day to day, the amount required to pay the balance in full on the day payment is sent may be greater than the amount stated here. If the amount stated here is paid, an adjustment may be necessary after a payment is received. In that event, notification will occur of any adjustment in the balance. Before any payment intended to pay the balance in full happens, please contact us at the address on this letter, or call (866) 624-1922.

This is an attempt by a debt collector to collect a debt. Any information obtained will be used for that purpose.