UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CONDRA L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-474 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| PIONEER CREDIT RECOVERY, INC., and | ) | |
| GENERAL REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court for resolution of three pending motions. Plaintiff Condra Smith filed a Motion for Remand on December 29, 2020 (ECF No. 7). Defendant U.S. Department of Education filed a response in opposition on January 26, 2021 (ECF No. 17), and Defendants Pioneer Credit Recovery and General Revenue filed notices joining the DOE's response (ECF Nos. 19 and 22, respectively). Smith did not file a reply brief. Smith also filed a Motion for Entry of Default on January 27, 2021 (ECF No. 18). The Defendants filed a joint Motion to Strike Smith's motion (ECF No. 25). Smith did not file a responsive pleading. Last, the Defendants filed a joint Motion to Dismiss on January 27, 2021 (ECF No. 20), to which Smith filed a brief in opposition on February 2, 2021 (ECF No. 24). On February 8, 2021, the Defendants filed a Joint Notice in which they stated that they "do not intend to submit a Reply in support of their Joint Motion to Dismiss" and that they "stand on their initial Motion, which is ripe for a decision." Notice to the Court (ECF No. 26), p. 1. For the reasons explained below, Plaintiff's Motion for Remand is DENIED; Plaintiff's Motion for Entry of Default is DENIED; the Defendants' Motion to Strike is DENIED AS MOOT; and the Defendants' Joint Motion to

Dismiss is GRANTED.

## STANDARD OF REVIEW

The Defendants bring their joint motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. The Defendants argue that this lawsuit is barred by the doctrine of res judicata. In deciding a Rule 12(b)(6) motion to dismiss, the Court must take the complaint's well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). However, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to avoid dismissal at the pleading stage, the complaint must contain factual allegations that "plausibly give rise to an entitlement to relief." *Id*. at 679. Motions under Rule 12(b)(6) are an appropriate mechanism for seeking dismissal on res judicata grounds, and the Court may take judicial notice of pleadings and orders in prior litigation in ruling on such a motion. *See e.g., Lock Realty Corp., IX v. United States Health, LP*, No. 3:13-CV-994, 2014 WL 129323, *4 (N.D. Ind. Jan. 13, 2014) ("A motion to dismiss based on res judicata is not converted into a motion for summary judgment if the court takes judicial notice of pleadings and orders in the prior litigation.") (citing *Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008)); *Arthur Anderson LLP v. Fed. Ins. Co.*, No. 06-CV-1824, 2007 WL 844632, *1 (N.D. Ill. Mar. 16, 2007) (holding that courts may take judicial notice of prior litigation in ruling on motions to dismiss on res judicata grounds) (collecting cases).

## DISCUSSION

Condra Smith, proceeding *pro se*,[1] initiated this action in the Allen Superior Court on November 12, 2020. Complaint (ECF No. 3). The DOE removed the case to this Court on December 17, 2020, pursuant to 28 U.S.C. § 1442(a)(1). Notice of Removal (ECF No. 1). Smith alleges that the Defendants committed nefarious acts in relation to student loans issued to Smith while she was attending college. Smith contends that the Defendants are liable to her "for fraud, civil conspiracy to commit fraud, larceny and theft by conversion[.]" Complaint, p. 1. Smith alleges that the Defendants "garnished Smith's wages and other entitled money without giving proof of Condra L. Smith has taking out a loan(s) or received any moneys." *Id*., pp. 1-2 (all sic). Smith also alleges that the Defendants "unlawfully garnished and withhold [sic] entitled money from Condra L. Smith." *Id*., p. 2. Smith insists that the "[d]ocuments regarding a Stafford loan does [sic] not have Condra L. Smith's signatures nor has her handwriting." *Id*., p. 2. Smith's allegations are summarized in the following paragraphs from her Complaint:

> 16. Condra L. Smith attended the university on a scholarship and while attending there received additional scholarships and awards.
>
> 17. The documents that the defendant's hold clearly shows that the hand writing and signatures do not have Condra L. Smith's handwriting, or signatures.

---

[1] The Court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On the other hand, "a district court should not 'assume the role of advocate for the *pro se* litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Parker v. Champion,* 148 F.3d 1219, 1222 (10th Cir.1998), *cert. denied,* 525 U.S. 1151 (1999)).

> 18. Defendants have garnished Smith wages and other entitled money without giving proof of Condra L. Smith taking a loan(s) or receiving any money. Due to this action(s) Smith has lost her job.
>
> 19. USA Funds c/o Navient . . . worked with Pioneer to unlawfully garnish and withhold entitled money from Condra L. Smith during an investigation
>
> 20. General Revenue Documents regarding a Stafford loan does not have Condra L. Smith's signatures nor her handwriting
>
> 21. U.S. of Education has referred these fraudulent loans to the department of Treasury for collection by an offset of Condra L. Smith's federal (and in some cases state) tax returns. In which Condra L. Smith is asking that the offset be return as part of her relief.

Complaint, p. 4 (all sic; paragraph numbers in original).

In lieu of answers to Smith's Complaint, the Defendants filed their joint motion to dismiss, in which they argue that this case must be dismissed under the doctrine of res judicata. The Defendants argue as follows:

> Plaintiff previously sued Defendants Pioneer Credit Recovery, Inc. ("PCR"), General Revenue Corporation ("GRC"), and the United States Department of Education ("ED") (collectively the "Defendants") for the very claims she is now pursuing in this litigation. Plaintiff's claims have already been fully litigated on the merits–including appeals to the Seventh Circuit Court of Appeals and the Supreme Court of the United States–and final judgment was entered in favor of the Defendants and against Plaintiff on those claims. Her current Complaint is barred by the doctrine of res judicata and should be dismissed in its entirety.

Memorandum in Support of Defendants' Joint Rule 12(B)(6) Motion to Dismiss (ECF No. 21), p. 1. The Defendants maintain that this lawsuit is an improper attempt by Smith to take a second bite at the apple: "The Current Lawsuit is nothing more than an impermissible attempt at a 'do-over' of Plaintiff's Prior Lawsuit. This is exactly the type of litigation the doctrine of res judicata is designed to preclude." *Id.*, p. 9.

The prior lawsuit that the Defendants argue bars this one was *Smith v. U.S. Dept. of*

*Education, et al.*, No. 1:18-CV-348 (N.D. Ind.), which Smith filed in this Court on October 29, 2018. In that case, Smith sued the same Defendants she is suing here: the U.S. Department of Education, USA Funds/Navient[2], General Revenue, and Pioneer Recovery. *Id.*, Complaint (ECF No. 1). In that Complaint, Smith alleged as follows:

> I am victim of fraudulent activity while attending Indiana State Univ. I had a Scholarship and received honors and rewards while attending the university. (Rewards like pell grant Indiana) Their two student loans Perkins and Stafford that I did not authorize added to my account. There was no need to take about loans. I had a scholarship and work (FWS) while attending school. Non of this money came to be directly. This alleged debt was given directly to the school. I did not see any of this money. Indiana State Univ has allowed me to be terrorized while time attending there. From my car vandalized to being assaulted, and now fraudulent activity. None of this loans have my signature or had hand writing

*Id.*, p. 2 (all sic).

The Defendants filed motions for summary judgment in the prior case, which Judge Holly A. Brady granted in an Opinion and Order entered on August 27, 2019. *Smith v. U.S. Dep't. of Educ.*, No. 1:18-CV-348, 2019 WL 4038313 (N.D. Ind. Aug. 27, 2019) (ECF No. 68). In that opinion, Judge Brady summarized Smith's allegations as follows:

> Plaintiff Condra Smith has sued the United States Department of Education, United Student Aid Funds ("USA Funds"), Pioneer Credit Recovery, Inc. ("PCR"), and General Revenue Corporation ("GRC"). In the controlling pleading, the Amended Complaint . . . , Plaintiff alleges that she was the victim of fraudulent activity while attending Indiana State University. According to Plaintiff, she did not authorize Perkins or Stafford loans to be obtained in her

---

[2] Smith named USA Funds/Navient as a Defendant in her Complaint but no such entity was served with summons. As the Defendants note: "Plaintiff also (incorrectly) named 'USA Funds c/o Navient also d.b.a. Great lakes d.b.a Ascendium Education Solutions, Inc.' as a defendant in her Complaint. This is not a properly-named defendant, but actually several different legal entities. 'USA Funds' is 'United Student Aid Funds, Inc.,' an entity which Plaintiff sued in her previous lawsuit, as well. USA Funds has not been served in this litigation. . . . However, any res judicata effect would apply with equal force to Plaintiff's claims against USA Funds." Defendants' Memorandum, p. 1, n. 1.

5

>name, and her signatures do not appear on the relevant documents for obtaining the loans. Yet, Defendants are collecting on these fraudulent loans through garnishment of her wages. Additionally, the Department of Education has withheld money from her tax returns. She seeks repayment of the withheld wages and tax return, as well as damages.

*Id*., p. 1. These are the same allegations and claims Smith makes in the case at bar. Judge Brady granted summary judgment in favor of all Defendants (and also denied a motion for summary judgment filed by Smith). Judge Brady directed the Clerk of the Court to "enter judgment in favor of Defendants and against Plaintiff." *Id*., p. 13. Judge Brady's reasoning and rulings are set out in her order and need not be repeated here. It is sufficient to note that Judge Brady concluded that Smith's Complaint was legally baseless and that the evidence presented by the Defendants disproved Smith's factual allegations. *Id*., generally.[3] The Defendants also note that Smith appealed Judge Brady's decision to the Seventh Circuit and even attempted to do so in the U.S. Supreme Court.[4] Her claims have been fully litigated in federal court and therefore the Defendants maintain that this subsequent lawsuit is barred by the doctrine of res judicata.

**I. Plaintiff's motion to remand; Plaintiff's motion for default; Defendants' motion to strike.**

---

[3] Judge Brady went so far as to deem Smith's previous case a "specious lawsuit." *Smith v. Dept. of Educ., et al*., No. 1:18-CV-348, Opinion and Order denying motion to reopen time to appeal (ECF No. 84), p. 6.

[4] The Defendants note that in the previous case, "[t]he Court of Appeals . . . dismissed [Smith's] appeal on May 7, 2020. . . . On June 29, 2020, the Court of Appeals issued its Notice of Issuance of Mandate. . . . On July 9, 2020, Plaintiff moved the Court of Appeals to recall its mandate . . . , which the Court of Appeals promptly denied. . . . On July 27, 2020, Plaintiff filed a petition for a writ of certiorari to the Supreme Court of the United States, which was denied on October 5, 2020." Defendants' Memorandum, pp. 5-6 (citations to appellate court docket omitted). *See Smith v. U.S. Dep't. of Educ.*, No. 1:18-CV-348, 2019 WL 4038313, at *1 (N.D. Ind. Aug. 27, 2019), appeal dismissed sub nom. *Smith v. United States Dep't of Educ*., No. 20-1069, 2020 WL 3971302 (7th Cir. May 7, 2020), cert. denied sub nom. *Smith v. Dep't of Educ*., 141 S. Ct. 440, 208 L. Ed. 2d 135 (2020).

Smith initiated this lawsuit in state court and the DOE removed the case to this Court. Smith has moved for remand, arguing removal was improper because the DOE failed to obtain the consent of the other defendants. She insists that the "United State of Education [sic] did not obtain the consent of all properly joined defendants under 28 U.S.C. § 1446(b)(2)(A), 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" Motion for Remand (ECF No. 7), p. 6. Smith's motion for remand includes a 17-page legal memorandum in which she discusses federal removal statutes, legislative intent and federal subject matter jurisdiction. In response, the Defendants argue–correctly–that Smith's motion to remand is based on a misunderstanding of the applicable law. The Defendants explain this clearly in their response brief:

> On December 17, 2020, the United States, filed its Notice of Removal, pursuant to 28 U.S.C. § 1442(a)(1), to remove Plaintiff's most recent Complaint from the Allen Superior Court to the Northern District of Indiana. (Dkt. #1). The United States removed this case solely under 28 U.S.C. § 1442(a)(1) because it was filed against an agency of the United States.
>
> On December 29, 2020, Plaintiff filed her Motion for Remand and Memorandum in Support of Motion to Remand complaining that all defendants did not join in and consent to the removal. (Dkt. #7). Plaintiff's motion for remand is based upon the mistaken belief that 28 U.S.C. § 1446(b)(2(A), which requires that all defendants named in the complaint must join in or consent to the removal, applied to the United States removal made pursuant to 28 U.S.C. § 1442(a)(1).
>
> Section 1446(b)(2)(A) clearly states that the consent requirement applies only to removals made solely under section 1441(a). The United States has removed this case under 28 U.S.C.§ 1442(a)(1) because plaintiff filed her case against a Federal agency, the "United States Department of Education". Removal under section 1442(a)(1) is interpreted "broadly in favor of removal". *Durham v. Lockheed Martin Corp.*, 445 F.3d [1247, 1252] (9th Cir. 200[6]). Unlike other removal statutes, removal under section 1442 does not require that all defendants must give their consent to removal. *See Cabalce v. [VSE Corporation]*, [922 F.Supp. 2d 1113, 1119 (D. Hawaii 2013)] ("[U]nlike the other removal statutes, under § 1442 not all defendants need join in a notice of removal. *See Ely Valley Mines, Inc. v.*

7

> *Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) ("[Section] 1442 represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition."))); and *O'Callaghan v. United States*, 686 F. Supp. 2d 826, 828 ( N.D.Ill. 2010) ("[A] literal reading of Section 1442 permits removal by the United States without the consent of all defendants."). Given the independent authority for removal under 28 U.S.C. § 1442, Plaintiff's remaining arguments regarding diversity and federal question jurisdiction have no impact on the issue of remand.
>
> Because the United States removed this complaint filed against Education under 28 U.S.C. § 1442, the other named defendants in Plaintiff's complaint did not have to join in and consent to the removal, and the court must deny Plaintiff's motion for remand of this case.

Defendants' Response (ECF No. 17), pp. 1-3 (citations edited for correctness). The Defendants are correct and no further discussion of Smith's arguments for remand is necessary. Removal was proper pursuant to 28 U.S.C. § 1442(a)(1) and Plaintiff's motion for remand is DENIED.

In her motion for entry of default, filed on January 27, 2021, Smith "request[s] the Clerk of Court to enter default against the Defendants United States department of education, General Revenue Corporation, Pioneer Recover[y], and U.S.A. Fund a.b.a [sic] Ascendium Education Group for failure to answer or plead in said action as required by law[.]" Motion for Entry of Default (ECF No. 18), p. 1.

The Defendants responded to Smith's motion for default by filing a motion asking the Court to strike it, or alternatively to "overrule" it, arguing as follows:

> Defendants General Revenue Corporation, Pioneer Credit Recovery, Inc., and the United States Department of Education (collectively the "Defendants") request that the Court strike and disregard the "Entry of Default" (docketed by the Clerk as a Motion for Clerks Entry of Default) filed by Plaintiff on January 27, 2021 (Dkt. # 18). Defendants timely filed their Rule 12(b)(6) Motion to Dismiss on that same date, in compliance with the deadline established by the Court during the parties' telephonic hearing. (See Dkt. # 16). Plaintiff's Motion was filed prior to the expiration of that deadline, was premature, and should be stricken and/or overruled.

8

Defendants' Motion to Strike Plaintiff's Motion for Clerk's Entry of Default (ECF No. 25), p. 1. Again, the Defendants are correct. During a motion hearing held on January 12, 2021, before Magistrate Judge Susan Collins, the Court ordered that "Defendants' deadline to answer or otherwise respond to the Complaint is 1/27/2021." Docket Entry (ECF No. 16). The Defendants filed their joint motion to dismiss on that date. A motion to dismiss under Rule 12(b)(6) "must be made *before* pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b)(6). By filing their joint motion to dismiss in lieu of answers, the Defendants complied with their obligation to "otherwise respond to the Complaint" by the Court-ordered deadline. Accordingly, the Court DENIES Smith's motion for remand and DENIES AS MOOT the Defendants' motion to strike.[5]

**II. Defendants' joint motion to dismiss.**

The Defendants argue that the doctrine of res judicata bars this lawsuit:

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 154 (1979). The doctrine "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being hauled into court repeatedly." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). That is precisely the situation here: the claims in Plaintiff's Complaint were already fully adjudicated in the Prior Lawsuit, then appealed to the Seventh Circuit Court of Appeals and eventually to the Supreme Court of the United States, with final judgment entered against Plaintiff. Shortly thereafter, Plaintiff filed a new lawsuit in the State Court, alleging the same claims based on the same facts against the same parties. This is a paradigm example of the type of claim barred by res judicata.

Res judicata has three elements: (1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first suit. *Matrix IV, Inc. v. Am. Nat'l Bank*, 649

---

[5] The Court sees no need to strike Smith's motion for default and opts instead to deny it (which the Court deems synonymous with the Defendants' request that the motion be "overruled").

> F.3d 539, 547 (7th Cir. 2011). Each of these elements is satisfied here.
>
> First, the parties in the Current Lawsuit (PCR, GRC, [DOE], and USA Funds) are identical to those in the Prior Lawsuit. Second, the causes of action are the same ones Plaintiff asserted in the Prior Lawsuit. A claim has "identity with a previously litigated matter if it emerges from the same core of operative facts as that earlier action." *Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006). In other words, res judicata "bars not only those issues which were actually decided in a prior suit, but all issues which could have been raised in that action." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). Here, Plaintiff's Complaint in the Current Lawsuit relate to the exact same facts and circumstances as were at issue in the Prior Lawsuit; namely, Plaintiff's obligations on her student loans and the Defendants' conduct with respect to recovery on those loans. Such claims are barred by the doctrine of res judicata, irrespective of how styled.

Defendants' Memorandum (ECF No. 21), pp. 7-8.

"'Res judicata ensures the finality of decisions.'" *Mitchell v. B-Way Corp.*, No. 20-CV-1648, 2021 WL 83735, at *4 (N.D. Ill. Jan. 11, 2021) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). "If a plaintiff receives a final judgment on the merits of his case, the doctrine of res judicata prevents the plaintiff from relitigating claims that were or could have been litigated during an earlier proceeding." *Id*. "The doctrine helps courts avoid judicial waste and helps defendants avoid the burden of defending themselves twice in the same suit." *Id*. (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)). As another district court explained:

> Res judicata, or claim preclusion, bars a claim that was "litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (citations and internal quotation marks omitted). The first element of res judicata is met when an earlier and later claim arise out of the same transaction–that is, the Court treats the claims as identical if they are "based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir. 1993). "But if the supposedly wrongful events are separated by time and function," the Court will not treat the claims as identical, and "multiple suits are permissible (even though not desirable)." *Id*.

10

*Slusser v. FCA US, LLC*, No. 20-CV-00011, 2020 WL 6161559, at *2 (S.D. Ind. Oct. 21, 2020). The court also noted in *Slusser* that "a district court 'ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata' unless it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Slusser*, 2020 WL 6161559, at *1 (quoting *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017)). In the present case, it is clear from the face of Smith's Complaint that she is asserting the same claims, against the same defendants, that she asserted in her previous case. Judge Brady addressed and rejected these claims in her opinion and order granting summary judgment in favor of the Defendants. Less than five months after the Seventh Circuit dismissed Smith's appeal and just five weeks after the U.S. Supreme Court denied her writ of certiorari, Smith renewed her claims against the Defendants–this time in state court.

Smith's claims in this case are barred by the doctrine of res judicata as they were fully litigated on their merits (or lack thereof). Smith's claims, and the Defendants she has sued, are the same ones she pursued in her previous lawsuit. Her attempt to revive her claims in state court ended up back here in federal court–properly, as explained above–but can go no further. The Defendants' motion to dismiss on grounds of res judicata is GRANTED.[6]

---

[6] One final matter. In addition to her list of alleged torts–"fraud, conspiracy to commit fraud, theft, and larceny"–Smith also claims that she lost her job as a result of the Defendants' actions and so seeks "[c]ompensatory damages for Defendants' violations of Title VII and 42 U.S.C. § 1981[.]" *Id.*, p. 6. Title VII is a federal statute that prohibits discrimination by an employer against an employee. Smith does not allege that she was ever an employee of any of the Defendants and so Title VII is not applicable. Section 1981 is a federal law prohibiting discrimination on the basis of race, color, and ethnicity in the making and enforcing of contracts. Smith does not allege race discrimination and so Section 1981 is also not applicable. The

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand (ECF No. 7) is DENIED; Plaintiff's Motion for Entry of Default (ECF No. 18) is DENIED; the Defendants' Motion to Strike (ECF No. 25) is DENIED AS MOOT; and the Defendants' Joint Motion to Dismiss (ECF No. 20) is GRANTED.

Date: March 4, 2021.

/s/   William C. Lee<br>
William C. Lee, Judge<br>
U.S. District Court<br>
Northern District of Indiana

---

Defendants do not address this in their motion to dismiss–there is no reason, after all, to move to dismiss claims that do not exist. This lawsuit is based solely on Smith's allegations that the Defendants fraudulently issued a student loan in her name and then attempted to collect it. None of her allegations invoke Title VII or § 1981.