UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CONDRA L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-CV-474 |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| PIONEER CREDIT RECOVERY, INC., and | ) |
| GENERAL REVENUE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Sanctions and an Award of Attorneys' Fees filed by Defendant Pioneer Credit Recovery, Inc. on March 18, 2021 (ECF No. 30). Plaintiff Condra Smith filed a response in opposition on March 24, 2021 (ECF No. 31) and Pioneer filed a reply brief on March 31, 2021 (ECF No. 32). Smith then filed a second or supplemental response, in the form of a letter addressed to the undersigned, on April 5, 2021 (ECF No. 33). For the reasons set forth below, the motion is GRANTED. **Pioneer is instructed to file a fee petition detailing its fees and costs within 30 days of the date of this Order. Smith may file a response to the petition within 15 days thereafter. Also, Smith is instructed to complete and return the enclosed Financial Affidavit so the Court can consider her financial status to the extent that it may affect the Court's determination of the sanction or fee award. The Clerk of the Court is instructed to file Smith's Financial Affidavit as a "restricted" document, accessible only to the parties and the Court.** When these documents are filed the Court will determine the appropriate sanction.

## DISCUSSION

On October 29, 2018, Condra Smith, proceeding *pro se*, sued the U.S. Department of Education, Pioneer Recovery and General Revenue in this Court in *Smith v. U.S. Dept. of Education, et al.*, No. 1:18-CV-348. Smith alleged that the Defendants took action to collect on federal student loans that Smith contended did not belong to her. Judge Holly Brady, who presided over that case, granted summary judgment in favor of the Defendants and entered final judgment, concluding that Smith's Complaint was legally baseless and that the evidence presented by the Defendants disproved Smith's factual allegations. *Id*. Judge Brady went so far as to deem Smith's previous case a "specious lawsuit." *Smith v. Dept. of Educ., et al.*, No. 1:18-CV-348, Opinion and Order denying motion to reopen time to appeal (ECF No. 84), p. 6. Smith appealed to the Seventh Circuit Court of Appeals and then to the U.S. Supreme Court. The Seventh Circuit dismissed her appeal and the Supreme Court denied her petition for certiorari on October 5, 2020. A month later, on November 12, 2020, Smith filed a Complaint against the same Defendants in the Allen Superior Court, asserting virtually identical allegations. On December 17, 2020, the Department of Education removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). Notice of Removal (ECF No. 1). Once the case was removed the Defendants filed a joint motion to dismiss pursuant to Federal Rule 12(b)(6), contending that this second lawsuit was barred by the doctrine of res judicata. This Court granted the motion in an Opinion and Order entered on March 4, 2021. In that Order, the Court held as follows:

> Smith's claims in this case are barred by the doctrine of res judicata as they were fully litigated on their merits (or lack thereof). Smith's claims, and the Defendants she has sued, are the same ones she pursued in her previous lawsuit. Her attempt to revive her claims in state court ended up back here in federal court . . . but can go no further. The Defendants' motion to dismiss on grounds of res judicata is

GRANTED.

Opinion and Order (ECF No. 27), p. 11.

Pioneer argues that the present case is "an objectively frivolous lawsuit seeking to re-litigate claims that were already adjudicated on the merits. Plaintiff was made aware that her claims were barred by res judicata, but continued to litigate them anyways [sic], forcing [Pioneer] to rack up thousands of dollars in unnecessary attorneys' fees." Motion for Sanctions, p. 10. Pioneer argues that Smith "had an obligation to ensure her claims were not frivolous, unreasonable, groundless, or asserted in bad faith[,]" (*id*., p. 5), and that she breached that obligation by filing this lawsuit after Judge Brady ruled against her in her first attempt. *Id*., generally.[1]

In support of its motion, Pioneer recounts the litigation history of both of Smith's cases, and presents evidence that counsel for Pioneer "wrote to Plaintiff on December 11, 2020, explaining that 'your State Court Complaint seeks a 'do-over' of the Federal Court litigation' which is 'barred by the doctrine of res judicata.'" *Id*., p. 9 (quoting Letter from attorney Justin A. Allen to Condra L. Smith, Defendant's Exh. 1 (ECF No. 30-1)). In that letter, counsel for Pioneer stated: "We are writing to demand you immediately dismiss this lawsuit. If you refuse, Pioneer intends to seek to recover its costs and attorneys' fees associated with this litigation from you, which are likely to be substantial." *Id*. Counsel's letter, which is four pages long (single spaced), explained to Smith in great detail why her lawsuit was barred by the doctrine of res judicata, why it was legally frivolous, and why Pioneer would seek fees and costs if she did not dismiss it. *Id*.

---

[1] As Pioneer points out, "a litigant's duty to refrain from filing frivolous lawsuits applies with equal force to *pro se* litigants." Motion for Sanctions, p. 7 (citations omitted).

(Exh. 1). The letter closed with the following explicit warning:

> Pioneer demands that you dismiss the State Court complaint with prejudice no later than December 18, 2020. If you refuse, Pioneer intends to promptly seek dismissal and, following a judgment in its favor, will move for an award of its costs and attorneys' fees incurred in this litigation. Be advised that these fees will likely total several thousands of dollars, which Pioneer will seek in a judgment against you. This is an outcome Pioneer would prefer to avoid, so we strongly urge you to re-consider [sic] proceeding with this frivolous litigation.

*Id.*, p. 5 (p. 4 in original). Smith did not heed Pioneer's warning. The Department of Education removed the case to this Court and the Defendants filed their joint motion to dismiss. Not only did Smith not dismiss the case, but she filed legally baseless motions after it was removed to this Court, including a motion to remand and a motion for Clerk's entry of default (both of which this Court denied in its March 4 Opinion and Order).

As a result of the foregoing facts, Pioneer now "requests the Court (i) grant its Motion for Sanctions and Award of Attorneys' Fees, (ii) issue an order directing [Pioneer] to submit a fee petition detailing its costs and attorneys' fees incurred in this action, (iii) order Plaintiff to pay [Pioneer's] reasonable costs and attorneys' fees incurred in this action, and (iv) grant all other relief the Court deems appropriate." *Id.*, pp. 10-11.

In her response in opposition to the motion for sanctions, Smith opens by repeating her allegations that Pioneer (and the other Defendants) wrongly "garnished [my] wages and other entitled money without giving proof of Condra L. Smith taking loan(s) or receiving any money." Plaintiff's Response in Opposition (ECF No. 31), p. 2. But Judge Brady already ruled on Smith's substantive claims, concluding that they had no merit, and so Smith's attempt to reargue the merits of her claims is misguided.

After insisting that her claims have merit, Smith pivots to accusing Pioneer's counsel of

"mak[ing] numerous false statements and other misrepresentations to the court." *Id*., p. 3. Smith attacks Pioneer and its counsel with the following accusations:

> The defendant's bizarre and meritless motion seeking sanctions is itself frivolous To support his non-existent claim that plaintiff warrant sanctions, defendants desperately attempts to twist plaintiff dismissed case into violations of the United States District Court of Indiana. His hasty impetuous motion now before this court is rife with gross exaggerations of the facts and misinterpretations of the law.

*Id*., p. 3 (all sic). Smith also argues that Pioneer's motion should be denied because she was not served with the motion 21 days before it was filed. *Id*. She insists that "[t]his [motion is] another attempt to confuse the issues in this litigation and direct the court's attention away from pertinent legal argument, the defendant makes numerous outlandish and inaccurate emotional appeals and motions completely irrelevant to this case." *Id*. But the only "issue" left in this case is Pioneer's request for fees. The merits of Smith's claims were addressed and rejected by Judge Brady (in no uncertain terms). Her allegations that Pioneer and its counsel are pursuing a frivolous motion are baseless.

Smith attached to her response brief a copy of a letter sent to her from Pioneer's attorney, dated March 12, 2021, in which counsel informed and warned Smith as follows:

> As you'll recall, we served you with a demand for dismissal on December 11, 2020, which explained that we would seek dismissal of your case on res judicata grounds and pursue our attorneys' fees if you refused to dismiss. As a result of your refusal to dismiss your frivolous claims, our client was forced to incur more than $8,000 in unnecessary legal fees. As we explained in our December 11 letter, we fully intend to seek these fees from you.
>
> In an effort to finally bring this matter to an end, our clients have authorized me to make a one-time, take-it-or-leave-it offer: if you execute and return the "Covenant Not to Sue" enclosed herein no later than close of business on Wednesday, March 17, 2021, we will consider this matter fully resolved and will forego a motion to recover [Pioneer's] costs and attorneys' fees in this lawsuit. If you refuse or we do not hear from you by next Wednesday, we intend to file a motion asking the court

5

to order you to pay [Pioneer's] attorneys' fees totaling more than $8,000. Plaintiff's Response (ECF No. 31), p. 8 (Letter from J. Allen to C. Smith).[2] Smith characterizes this letter in her brief as "demanding and threatening" and contends that "[t]his letter was forcing and bullying plaintiff to sign paperwork without giving proper time frame." *Id*., p. 3. To the contrary, the letters sent by Pioneer's attorney were not "bullying"–they were offers of compromise that would have ended this matter had Smith accepted them. In other words, rather than supporting Smith's argument that Pioneer's motion is frivolous or "threatening," the letter supports Pioneer's argument that it "made every reasonable effort to avoid the need for the current Motion for Fees; [Pioneer] has always viewed seeking sanctions and attorneys' fees against a *pro se* party as an option of last resort.[3] Unfortunately, Plaintiff repeatedly refused to reassess her frivolous claims or heed [Pioneer's] warnings that it would seek fees if she persisted in pursuing this lawsuit. . . . Plaintiff–not [Pioneer]–should bear the resulting costs of her unsupportable litigation decisions." Defendant's Reply, p. 2. As for Smith's contention that the motion was untimely, Pioneer states: "Federal Rule of Civil Procedure 54(d)(2) provides that a motion for attorneys' fees must be filed within 14 days of a final judgment. Final judgment in

---

[2] Smith filed this exhibit even though the letter contained a boldfaced, underlined sentence in the heading stating: "**Confidential and Inadmissible Settlement Communication.**" Pioneer writes in its reply brief that "Plaintiff's introduction of this correspondence–which is clearly and conspicuously designated as a 'Confidential and Inadmissible Settlement Communication'–is improper under Federal Rule of Evidence 408. However, in light of Plaintiff's introduction and mischaracterization of this letter, [Pioneer] now responds to address Plaintiff's impertinent accusations against [Pioneer]." Defendant's Reply, p. 2, n. 1.

[3] The Court echoes that sentiment. The undersigned historically has been reluctant to impose sanctions on *pro se* litigants–or *any* litigant, for that matter–except in cases where the offending party's conduct was clearly frivolous, baseless, or vexatious. In this case, for the reasons set forth in this order, Smith's conduct rises to that level and sanctions are warranted.

this case was entered on March 4, 2021. . . . [Pioneer] filed its Motion for Fees on March 18, 2021, *i.e.*, 14 days after the entry of final judgment. The filing was therefore timely." *Id*., p. 3. Pioneer is correct on this point; its motion was timely and Smith's argument to the contrary is wrong.[4]

The Court noted at the outset that Smith filed a second or supplemental response in opposition to Pioneer's motion. While supplemental responses are not provided for in the Court's local rules governing the briefing of motions, Pioneer did not object to the filing of the supplement and the Court will consider it. This filing, in the form of a letter to the undersigned, states as follows:

> I stated in my "opposition to the defendant's motion for sanctions and an award of attorneys' fee" the defendant's Motion is inappropriately filed and unwarranted. This is a prime example of what I was desperately trying to express to the courts. The defendant partook in garnishing over $10,000 from me, and capitalized off my hardship. By adding this sanction and asking for an award of attorney's fees the defendant is continuing to add to my suffering. Due to the money being took, I fall behind in payments (bills), this interfered with my job. Resorting in me losing my job. The damages affected me physically, emotionally, socially, and economically. With new added facts and worsening earlier conditions I believed this case was able to come back into the courts. It was filed in good faith, unlike the defendant filing this motion in bad faith. It is my sincere hope the court takes this letter into consideration and deny the defendants motion[.]

---

[4] As to Smith's argument that a motion for sanctions must be served 21 days before it is filed with the Court, Pioneer notes in its reply brief that "[a]lthough Plaintiff does not cite any authority for this contention, it appears she is referring to the 21-day 'safe harbor' period prescribed by Federal Rule of Civil Procedure 11(c)(2)." Defendant's Reply, p. 2. But, says Pioneer, "Federal Rule 11 does not apply to pleadings filed in state court and removed to federal court." *Id*. (citing *Schoenberger v. Oselka*, 909 F.2d 1086, 1087 (7th Cir. 1990) (additional citations omitted). Pioneer explains that it is seeking fees and costs based on "the Indiana Frivolous Litigation Statute, not Federal Rule 11." *Id*., p. 3 (citing and quoting *Romo v. Gulf Stream Coach, Inc*., 250 F.3d 1119, 1123 (7th Cir. 2001) ("'federal courts may apply state procedural rules to pre-removal conduct")) (additional citations omitted). Therefore, the 21-day "safe harbor" period is inapplicable.

Plaintiff's Supplemental Response in Opposition (ECF No. 33) (all sic). This response adds nothing to the calculus. It merely reflects Smith's misguided belief that her claims had merit and that Pioneer is being heavy handed in seeking fees.

Pioneer states that it is seeking to recover fees and costs "pursuant to Ind. Code § 34-54-1-1 (the 'Frivolous Litigation Statute') and the Court's inherent authority to sanction litigation conduct[.]" Defendant's Motion for Sanctions (ECF No. 30), p. 1. Pioneer invokes the state statute and this Court's inherent authority, as opposed to Federal Rule 11, since this case was filed originally in state court and removed to this Court. Pioneer explains as follows:

> In assessing potential sanctions for frivolous litigation, federal courts apply state Rule 11 counterparts to pleadings filed in state court before removal to federal court. *See e.g., Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1123 (7th Cir. 2001) (holding that "federal courts may apply state procedural rules to pre-removal conduct"); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) (agreeing with "other federal courts [which] have applied state sanctions rules to pleadings filed in state court before removal"); *Gregorich v. Tyson Foods*, Case No. 3:19-CV-545, 2020 U.S. Dist. LEXIS 118385, at *2 (N.D. Ind. July 7, 2020) ("Since this case was filed in state court before [defendant] removed it to federal court, the court appraises [plaintiff's] pre-removal filing pursuant to Indiana Code § 34-52-1-1(b).") (citation omitted).

*Id.*, p. 5.

Pioneer explains its reliance on I.C. § 34-52-1-1:

In Indiana state court, the award of attorneys' fees for frivolous litigation is governed by statute which, much like Federal Rule of Civil Procedure 11, prohibits the filing of lawsuits which are frivolous, groundless, unreasonable, or brought in bad faith:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

8

> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.
>
> Ind. Code § 34-52-1-1(b) (the "Frivolous Litigation Statute"). *See Kahn v. Cundiff*, 533 N.E.2d 164, 169 (Ind. Ct. App. 1989) ("[T]his statute provides an enforcement mechanism against improper and unwarranted litigation."). "The statute was enacted to deter the needless drain on the resources of prevailing parties and the courts[.]" *Countrywide Home Loans, Inc. v. Rood*, 784 N.E.2d 1050, 1056 (Ind. Ct. App. 2003). The Frivolous Litigation Statute "places an obligation on litigants to investigate the legal and factual basis of the claim when filing and to continuously evaluate the merits of the claim and defenses asserted throughout the litigation. *Gen. Collections, Inc. v. Decker*, 545 N.E.2d 18, 20 (Ind. Ct. App. 1989).

*Id*., p. 6. Pioneer also discusses applicable case law defining frivolous litigation conduct:

> Indiana courts have held that a claim or defense is "frivolous" if:
>
> (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.
>
> [*Kahn v. Cundiff*, 533 N.E.2d 164, 170 (Ind. Ct. App. 1989)]. In assessing a claim for fees, "[t]he court must undertake an objective inquiry into whether the party . . . should have known that his position is groundless.*" CUNA Mut. Ins. Soc'y v. Office & Prof'l Emples. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006). "[T]he Seventh Circuit Court of Appeals has repeatedly observed that an empty head but a pure heart is no defense, and that Rule 11 requires [a party signing a pleading] to read and consider before litigating." *Kennedy v. Schneider Elec.*, Case No. 2:12-CV-122-PRC, 2017 U.S. Dist. LEXIS 28664, at *19 (N.D. Ind. Mar. 1, 2017) (citing *U.S. Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005)). In other words, even where a party initiates a claim in subjective good faith, the claim may be sanctionable if it lacks any possible legal merit; it is the litigant's responsibility to ensure that there are good grounds to support the claim.

*Id.*, p. 7.[5]

Pioneer argues that Smith's conduct in this case warrants the imposition of sanctions based on the following:

> Plaintiff was apprised that her Current Lawsuit was barred by the doctrine of res judicata. Rather than dismiss her claim, Plaintiff chose to re-litigate it. Her decision to re-file and maintain the same allegations against the same parties as her First Lawsuit was frivolous, groundless, unreasonable, and not in good faith. "Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *U.S. ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 691 (7th Cir. 1995). As such, courts in Indiana and throughout the Seventh Circuit often award attorneys' fees in situations where a *pro se* litigant attempts to re-litigate previously adjudicated claims. *See e.g., Sumbry*, 836 N.E.2d at 432 (finding plaintiff's action was unreasonable where plaintiff "cannot rationally argue his complaint has merit" and "has already litigated and lost his arguments"); *Lacey*, 959 N.E.2d at 940-41 (assessing attorneys' fees against *pro se* litigant who failed to withdraw case asserting substantially similar arguments as were raised in previous appeal); *Garage Doors v. Morton*, 682 N.E.2d 1296, 1303-04 (Ind. Ct. App. 1997) (affirming trial court's award of attorneys' fees against plaintiff who attempted to re-file the same allegations that were previously dismissed); *Demes v. ABN Amro Servs. Co.*, No. 01-CV-0967, 2002 U.S. Dist. LEXIS 7360, at *3 (N.D. Ill. Apr. 23, 2002) (holding that sanctions were appropriate where plaintiffs' first complaint was dismissed and plaintiffs were made aware of res judicata based on defense counsel's letter explaining the doctrine, but persisted in pursuing a second complaint asserting the same claims).

*Id.*, pp. 8-9.

---

[5] Pioneer notes correctly that "a litigant's duty to refrain from filing frivolous lawsuits applies with equal force to *pro se* litigants. *See e.g., Sumbry v. Boklund*, 836 N.E.2d 430, 432 (Ind. 2005) (noting that '*pro se* litigants are generally held to the same standard' in assessing whether a claim was frivolous, unreasonable, or groundless); *Lacey v. Indiana Dept. of State Revenue*, 959 N.E.2d 936, 940 (Ind. Tax Ct. 2011) (assessing fees against *pro se* plaintiff under Frivolous Litigation Statute because '*pro se* litigants are held to the same rules and standards as licensed attorneys'); *Bacon v. Am. Fed. Of State*, 795 F.2d 33, 35 (7th Cir. 1986) ('[W]here a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed[.]')." Defendant's Motion for Sanctions, p. 7.

As stated above, Pioneer notes that in addition to the Frivolous Litigation Statute (and Rule 11, when applicable), this Court has the inherent authority and discretion to impose sanctions, including an award of attorneys' fees, to punish and deter frivolous or vexatious litigation. Indeed, it is well established that federal district courts have the inherent power to manage proceedings and sanction conduct. *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" (quoting *Goodyear Tire & Rubber Co. v. Haeger*, — U.S. —, 137 S.Ct. 1178, 1186, 197 L.Ed.2d 585 (2017)); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("Apart from the discovery rule, a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct. . . . Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith."); *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012) ("Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith."); *Martin v. Redden*, No. 3:18-CV-595, 2021 WL 100360, at *2 (N.D. Ind. Jan. 12, 2021) ("court's have the inherent authority to fashion appropriate sanctions for abuses of the judicial process."). "Selecting an appropriate sanction is a matter within the Court's discretion." *Wyatt v. Five Star Tech. Sols., LLC*, No. 1:20-CV-03198, 2021 WL 1340991, at *3 (S.D. Ind. Mar. 23, 2021), report and recommendation adopted, 2021

11

WL 1338933 (S.D. Ind. Apr. 9, 2021) (citing *Eckes v. Ocheltree*, No. 2:18-CV-559, 2020 WL 1244468, at *2 (S.D. Ind. March 16, 2020) ("Exercising that authority and selecting an appropriate sanction is a matter within the Court's discretion.")).

Smith filed this lawsuit in state court after her first lawsuit against these same Defendants, asserting the same claims and allegations, failed to survive a review on the merits. Judge Brady explained in detail in her order granting summary judgment why Smith's claims lacked merit. Pioneer cautioned her, while her complaint was still pending in state court, that this second lawsuit was barred by the doctrine of res judicata and that Pioneer would seek to recover its fees and costs if she did not dismiss the case. Pioneer attempted to settle the matter twice–once before the case was removed and once before it filed its motion for sanctions–but Smith balked. Now that the motion is before the Court, Smith responds to it by contending that it is "frivolous" and accusing Pioneer and its attorneys of "bullying" her. Her arguments have no merit and Pioneer's motion for sanctions is granted.

## CONCLUSION

For the reasons explained above, the Motion for Sanctions and an Award of Attorneys' Fees filed by Defendant Pioneer Credit Recovery, Inc. (ECF No. 30) is GRANTED. Pioneer is instructed to file a fee petition detailing its fees and costs within 30 days of the date of this Order. Smith may file a response to the petition within 15 days thereafter. Also, Smith is instructed to complete and return the enclosed Financial Affidavit so the Court can consider her financial status to the extent that it may affect the Court's determination of the amount of fees and costs to award. The Clerk of the Court is instructed to file Smith's Financial Affidavit as a "restricted" document, accessible only to the parties and the Court. When these documents are filed the Court

will determine the appropriate sanction.

Date: May 5, 2021.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
